CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 18 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARL A. FITZGERALD, | ) | CASE NO. 4:10CV00017 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's March 29, 2007 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on August 5, 2009, an Administrative Law Judge ("Law Judge") found found that plaintiff was thirty-nine years old on his alleged disability onset date, June 30, 2005. (R. 16.) The Law Judge further found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, and that he remained insured through December

31, 2006[1]. (R. 11.) The Law Judge determined plaintiff's degenerative disc disease was a severe impairment, but that he did not suffer a severe impairment or combination of impairments which met or equaled a listed impairment. (R. 11-12.) The Law Judge found that plaintiff retained the residual functional capacity ("RFC") to perform light work with limitations in pushing and/or pulling with the lower extremities, never climbing ladders, ropes or scaffolds, and occasionally climbing ramps and stairs, stooping, kneeling, crouching and crawling. (R. 13.) The Law Judge determined that plaintiff's RFC precluded him from performing his past relevant work, but that a significant number of jobs exist in the national economy that he can perform. (R. 16.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 17.)

Plaintiff appealed the Law Judge's August 5, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, December 31, 2006. *See* 20 C.F.R. § 404.131(a).

the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that the Law Judge erred in the evaluation of his complaints of pain. (Pl's Brief, pp. 7-10.) Specifically, plaintiff contends that the Law Judge's credibility findings are "boilerplate" in nature and do not constitute an adequate credibility determination. (Pl's Brief, p. 10.) Plaintiff further argues there is substantial evidentiary support for his testimony regarding his impairments and resulting functional limitations, and that the Law Judge's finding that his complaints were less than credible is not supported by substantial evidence. (Pl's Brief, p. 9.)

A two-step process for evaluating subjective complaints was developed in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. §§ 404.1529, 416.929. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors

concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms. (R. 15.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's RFC finding, which provided that plaintiff could perform light work with limitations. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's credibility analysis is consistent with applicable decisional and regulatory authority.

Contrary to plaintiff's allegations, the record shows that the Law Judge thoroughly evaluated the evidence as it related to his subjective complaints and provided a lengthy rationale to support the credibility finding. For instance, the Law Judge found that there were significant gaps in plaintiff's treatment history which suggested that his impairments were not as severe as alleged. (R. 15.) Specifically, the Law Judge noted that there is no evidence that plaintiff had any treatment visits between June 2006 and March 2007, and, aside from only one treatment visit in March 2008, there is no evidence that he received treatment between September 2007 and September 2008.[2] (*Id.*) Additionally, the Law Judge referred to plaintiff's reported daily activities as a basis for his conclusion that the described daily activities were inconsistent with his complaints of disabling symptoms and limitations. (*Id.*) Plaintiff reported the following

---

[2] Plaintiff was incarcerated approximately six times. It appears that the records from these incarcerations, as they relate to the relevant time period, have been included in the Administrative Record. (R. 276-285.)

activities: washing dishes, ironing and folding clothes, driving, watching television and movies, preparing meals, grocery shopping, participating in Bible studies and attending spiritual meetings. (R. 15, 154-161.) The Law Judge further noted that the record revealed plaintiff's exaggeration of his symptoms. (R. 15.) For instance, a physician treating plaintiff found that he had an exaggerated limp and recommended that he "get moving" in order to get better. (R. 237.) This evidence provides substantial support for the Law Judge's credibility finding.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

March 18, 2011
Date