IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARL A. FITZGERALD, | ) | |
| | ) | 4:10CV00017 |
| Claimant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the Report and Recommendation of the Magistrate Judge regarding the cross Motions for Summary Judgment filed by the Commissioner of Social Security and the Claimant, Carl Fitzgerald. Rep. and Recommendation, Mar. 18, 2011, ECF No. 19; Claimant's Mot. for Summ. J., Jan. 4, 2011, ECF No. 14; Def.'s Mot. for Summ. J., Feb. 2, 2011, ECF No. 16. The Magistrate Judge rendered his Report and Recommendation on March 18th, 2011. The Claimant timely objected on April 1st, 2011. Objection, Apr. 1, 2011, ECF No. 20. Five days later, on April 6th, the Commissioner submitted a Response to the Claimant's Objection. Resp. to Objection, Apr. 6, 2011, ECF No. 21. For the reasons explained herein, the Court **OVERRULES** the Claimant's Objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the Commissioner's Motion for Summary Judgment, **AFFIRMS** the Commissioner's final decision, and **DISMISSES** this case from the docket.

## **FACTS**

On March 29th, 2007, the Claimant filed two applications, one for disability insurance benefits, the other for supplemental security income. R. at 104-17. In both applications the Claimant cited back problems, specifically degenerative disc disease, with a disability onset date of June 30th, 2005. R. at 9, 104. The Social Security Administration denied both claims initially

1

on May 23rd, 2007, and upon reconsideration on October 18th, 2007. R. at 47-51, 63-65. The Claimant then requested a hearing before an Administrative Law Judge, which was held on June 3rd, 2009. R. at 73. The Claimant has been represented by the same attorney throughout both the administrative stage and now the court stage of this case.

On August 5th, 2009, the ALJ issued a written decision in which he denied both of the Claimant's applications for benefits. R. at 9. The ALJ found that the Claimant met the Social Security Act's insured status requirements through December 31st, 2006. R. at 11. The ALJ further determined that the Claimant had not engaged in substantial gainful activity since the claimed onset date, June 30th, 2005. Id. While the ALJ found that the Claimant had the severe impairment of degenerative disc disease, the Law Judge determined that the Claimant could not meet or equal an impairment listed in 20 C.F.R. § 404 subpt. P, app. 1. R. at 11-13. Despite this conclusion, the ALJ went on to determine the Claimant's residual functional capacity and whether jobs existed in the economy that he could perform. R. at 13-17. The ALJ concluded that the Claimant had the residual functional capacity to perform light work with some limitations. R. at 13. Specifically, the ALJ found that the light work should involve, at most, limited pushing or pulling in the lower extremities and never climbing ladders, ropes or scaffolds. Id. The Claimant could occasionally climb ramps and stairs, as well as stoop, kneel, crouch, and crawl from time to time. Id. Noting that there were jobs in significant numbers in the economy that the Claimant could perform, the ALJ ultimately concluded that the Claimant was not disabled. R. at 16-17.

The Claimant appealed the ALJ's unfavorable decision to the Social Security Administration's Appeals Council. R. at 186. The Appeals Council denied review on March 12th, 2010, prompting the Claimant, through his attorney, to initiate this action for court review

of the administrative decision.  R. at 1-3; Compl., May 6, 2010, ECF No. 3.  The Claimant takes issue with the ALJ's assessment of his pain and his credibility.  Br. in Supp. of Claimant's Mot. for Summ. J. 7-8, Jan. 4, 2011, ECF No. 15.  In the Motion for Summary Judgment that he submitted for the Magistrate Judge's consideration, the Claimant argues that the record contains substantial evidence to support a finding that his pain is disabling.  Id. at 7-9.  As to credibility, the Claimant asserts that the ALJ neither performed a credibility analysis nor offered any rationale for rejecting the Claimant's testimony about his limitations.  Id. at 10.  According to the Claimant, these deficiencies mean that the ALJ's credibility findings are not supported by substantial evidence.  Id.

In the Report and Recommendation, the Magistrate Judge observed that "the record shows that the Law Judge thoroughly evaluated the evidence as it related to his subjective complaints and provided a lengthy rationale to support the credibility finding."  Rep. and Recommendation 4.  The Magistrate Judge cites significant gaps in treatment, substantial daily activities, and even a doctor's report noting that the Claimant's symptoms seem to be exaggerated.  Id. at 4-5.  The Magistrate Judge concluded that substantial evidence supported the ALJ's findings and recommended that this Court grant the Commissioner's Motion for Summary Judgment and affirm the Commissioner's final decision.  Id. at 5.

In his Objection, which is basically his summary judgment argument resubmitted to the District Court,[1] the Claimant argues that "[t]he Report and Recommendation erroneously concludes that the ALJ properly considered the plaintiff's pain complaints and correctly found the plaintiff less than credible."  Objection 1-2.  As he did in his summary judgment brief, the Claimant offers some evidence to counter the ALJ's conclusions.  Objection 3; Br. in Supp. of Claimant's Mot. for Summ. J. 9.  That evidence, he argues, constitutes substantial evidence to

---

[1] Compare Br. in Supp. of Claimant's Mot. for Summ. J. 8-9 with Objection 2-3.

3

support the limitations he alleges. Objection 3; Br. in Supp. of Claimant's Mot. for Summ. J. 9. Furthermore, the Claimant contends that his complaints of pain have been consistent and are well documented. Objection 3; Br. in Supp. of Claimant's Mot. for Summ. J. 9. Pointing to gaps in treatment and the performance of some daily activities does not constitute substantial evidence to support the ALJ's adverse finding, the Claimant submits. Objection 4. He points out that he must stop frequently to rest and that his overall ability to perform daily tasks is minimal. Id.

The Commissioner's Response brief highlights the fact that the Claimant has simply copied and pasted the lion's share of his argument from his brief in support of his Motion for Summary Judgment. Resp. to Objection 1. The Commissioner argues that the Claimant has made only a general objection, not the specific objections required under Fed. R. Civ. P. 72. Id. at 2. The Commissioner contends that the Claimant essentially seeks a "de novo review of [his] entire case by merely reformatting an earlier brief as an objection." Id. at 3 (quoting Veney v. Astrue, 539 F.Supp.2d 841, 845-46 (W.D.Va. 2008)). The Commissioner is adamant that this should not be permitted and that the Court should review the Report and Recommendation only for clear error. Resp. to Objection 2.

## APPLICABLE LAW

The party who wishes to object to a Report and Recommendation in a Social Security appeal must do so with specificity. Fed. R. Civ. P. 72(b)(2). It has been held that under Fed. R. Civ. P. 72, a general objection has the same effect as a failure to object. Veney, 539 F.Supp.2d at 845. See also Williams v. Astrue, No. 2:09-cv-60, 2010 WL 395631, at *3 (E.D.Va. Feb. 2, 2010). When a claimant files a general objection the District Court's only obligation is to ensure that there is no clear error on the face of the record. Williams, 2010 WL 395631, at *3; Veney, 539 F.Supp.2d at 846.

In reviewing the ALJ's decision, the District Court must not conduct a de novo factual review. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the Court must uphold the Commissioner's decision where his factual findings are supported by substantial evidence and he has applied the proper legal standard. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing references omitted). Substantial evidence is "more than a scintilla, but less than a preponderance of the evidence." Id. (citing references omitted). In other words, "if there is evidence to justify a refusal to enter judgment as a matter of law were the case before a jury, then there is substantial evidence." Townsend By and Through Townsend v. Chater, No. 94-2292, 1995 WL 406614, at *2 (4th Cir. July 11, 1995) (quoting Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984)).

It is the Commissioner's role to evaluate the medical evidence and asses symptoms, signs, and findings to determine the Claimant's functional capacity. 20 C.F.R. §§ 404.1527-404.1545. See also Kearse v. Massanari, 73 Fed.Appx. 601, 603 (4th Cir. 2003). The Code of Federal Regulations gives the Commissioner some latitude in resolving factual inconsistencies in the evidence. 20 C.F.R. §§ 404.1527, 416.927; Hays, 907 F.2d at 1456. Unless the decision lacks substantial evidence to support it, the final determination of whether the Claimant is disabled is left to the ALJ and the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); Thomas v. Comm'r of Soc. Sec., No. 4:10-cv-15, 2011 WL 867092, at *2 (W.D.Va. Mar. 11, 2011). If substantial evidence supports the ALJ's resolution of the conflicts in the evidence, then this Court must affirm the Commissioner's final decision. Hays, 907 F.2d at 1456 (quoting Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1973)). "In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility

determinations, or substitute its judgment for that of the [Commissioner]." Mastro, 270 F.3d at 176.

There is a five-step sequential process for determining disability. 20 C.F.R. § 404.1520(a)(4). In the first step, the ALJ determines whether the Claimant has engaged in substantial gainful activity during the period of disability. 20 C.F.R. §404.1520(a)(4)(i). If he has, the inquiry ends and he is not entitled to benefits. 20 C.F.R. § 404.1571. If he has not, step two requires the ALJ to consider whether the Claimant has a medically determinable physical or mental impairment that is severe. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, the ALJ determines at step three whether the Claimant has an impairment or combination of impairments that meets or equals an impairment listed in 20 C.F.R. § 404 subpt. P, app. 1. 20 C.F.R. § 404.1520(a)(4)(iii). If he does meet the listed impairments, then the ALJ must take into account his residual functional capacity and his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the Claimant can still do his past relevant work, then he is not disabled. Id. If he cannot, the ALJ considers his residual functional capacity, age, education, and work experience in an effort to determine whether there would be any work to which the Claimant could adjust. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can adjust to other work, he is not disabled. Id.

## ANALYSIS

As noted above, over three quarters of the argument section of the Claimant's Objection has been copied and pasted from his brief in support of his Motion for Summary Judgment. Compare Br. in Supp. of Claimant's Mot. for Summ. J. 8-9 with Objection 2-3. Outside of those borrowed sections, the Claimant points to some evidence in the record that would support a different conclusion than the ALJ reached and makes the general objection that "[t]he court erroneously found substantial evidence to support the ALJ's assessments of the plaintiff's pain

and credibility." Objection 4. Both the Williams and Veney Courts made it clear that general objections like this one which seek reargument and reconsideration of the entire case will only trigger review for clear error on the face of the record. Williams, 2010 WL 395631, at *3; Veney, 539 F.Supp.2d at 845-46. See also U.S. v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). To do otherwise would obviate the role of the Magistrate Judge and give the Claimant a "second bite at the apple," a result that the drafters of Fed. R. Civ. P. 72 surely did not intend. Midgette, 478 F.3d at 622; Williams, 2010 WL 395631, at *3 (for the quote); Veney, 539 F.Supp.2d at 846 (also using the "second bite at the apple" reference).

By offering contrary pieces of evidence from the record and arguing generally that substantial evidence did not support the ALJ's decision, the Claimant is, in essence, asking this Court to reweigh the evidence. Regardless of whether a claimant has made a specific or general objection, this is neither the role of the Magistrate Judge nor the District Judge. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Slaughter v. Barnhart, 124 Fed.Appx. 156, 157 (4th Cir. 2005). Weighing the evidence is the province of the Commissioner. Hays, 907 F.2d at 1456. The question for the courts is whether the Commissioner's decision is supported by substantial evidence or whether there is good cause to remand the case to the administrative level, that is, the Commissioner. Mastro, 270 F.3d at 176. Generally speaking, the "substantial evidence" standard is a fairly deferential one. See, e.g., Id. ("[s]ubstantial evidence…consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance") (citing references omitted); Shively, 739 F.2d at 989 ("[i]f there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence") (internal citing references and quotation marks omitted).

The Claimant argues that there is substantial evidence to support his position that his pain is disabling. Objection 3; Br. in Supp. of Claimant's Mot. for Summ. J. 9. This argument is inapposite. The Report and Recommendation appears to give short shrift to this argument, as it should have. The question on court review is not whether there is substantial evidence to support the *Claimant's* view of the evidence, rather the issue is whether substantial evidence supports the *ALJ's* conclusion. Mastro, 270 F.3d at 176. Because the "supported by substantial evidence" standard is a fairly low hurdle to clear, it is entirely possible that substantial evidence could support both positions. Hickey-Haynes v. Barnhart, 116 Fed.Appx. 718, 725 (6th Cir. 2004) ("[s]ubstantial evidence is a fairly low bar"); Mastro, 270 F.3d at 176 (more than a scintilla but less than a preponderance). This Court, however, must affirm if substantial evidence supports the ALJ's decision, even if the Court would have come to a different conclusion or different conclusions are possible. Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) ("[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision") (citing reference omitted); Partlow v. Astrue, No. 2:09-cv-474, 2011 WL 320955, at *2 (E.D.Va. Jan. 28, 2011) ("if the Commissioner's decision is based on substantial evidence, it must be affirmed regardless of whether the reviewing court would have reached a different conclusion") (citing Blalock, 483 F.2d at 775).

Even if the Court were to conduct a second blanket review of the ALJ's decision, the record shows that there was substantial evidence to support the ALJ's decision as to both pain and credibility. "[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). For the first step, the ALJ in this case agreed that there was "objective medical evidence showing the existence of a

medical impairment which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (citing references and italicized type omitted); R. at 7. Because the Claimant met that threshold requirement, the ALJ went on to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595. It was at this second step that the ALJ determined that the Claimant's statements about intensity, persistence, and limiting effects were "not credible to the extent they are inconsistent with the…residual functional capacity assessment." R. at 15. It should be noted at the outset that "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively, 739 F.2d at 989-90.

In determining whether the ALJ's credibility assessment is supported by substantial evidence, many courts look to the claimant's daily activities and the extent to which they are inconsistent with the limitations the claimant insists he has. See, e.g., Yates v. Astrue, No. 0:10-305, 2011 WL 1743225, at *4 (D.S.C. May 6, 2011) (juxtaposing claimed limitations with daily activities and finding the claimant's statements regarding limitations not to be credible); Parsons v. Astrue, No. 2:10-cv-151, 2011 WL 1234464, at *25 (S.D.W.Va. Mar. 30, 2011) (same); Rhyne v. Astrue, No. 3:09-cv-412, 2011 WL 1239800, at *3 (W.D.N.C. Mar. 30, 2011) (same); Groover v. Astrue, No. 2:09-cv-507, 2011 WL 652479, at *6 (E.D.Va. Feb. 9, 2011) (same); Stevens v. Astrue, No. 6:09-cv-41, 2011 WL 560927, at *5 (W.D.Va. Feb. 8, 2011) (same). In this case both the ALJ and the Magistrate Judge did just that and found that the Claimant had exaggerated his limitations. Rep. and Recommendation 4; R. at 15. As both the ALJ and the Magistrate Judge observed, the Claimant is able to help his daughter with her homework, prepare

meals, iron, fold clothes, go outside, drive, ride in cars, grocery shop, handle finances, play games with his daughter, go to his house of worship multiple times per week, and participate in religious study. R. at 154-58. A medical report from 2006 indicates that the Claimant is able to walk, albeit with a cane. R. at 192. In addition, a 2009 medical record shows that the Claimant's doctor recommended a walking program, a back exercise program, and a progressive exercise program for the Claimant. R. at 332. Another doctor found the Claimant to have an exaggerated limp and commented that "I have advised Mr. Fitzgerald to get moving as he is not going to get any better." R. at 237. It is well-settled that the question of whether a claimant is unable to work is a legal determination for the Commissioner, not a medical determination for physicians. Morgan v. Barnhart, 142 Fed.Appx. 716, 722 (4th Cir. 2005); Carr v. Comm'r of Soc. Sec., No. 4:10-cv-25, 2011 WL 1791647, at *4 (W.D.Va. May 11, 2011) (Kiser, J.) Nonetheless, the Court notes that with regard to his back and leg pain, one doctor told the Claimant that "most people can work but with job modifications and restrictions." R. at 217 (for the quote). This was precisely the ALJ's finding with regard to this Claimant. R. at 13-16.

The ALJ also considered the extent to which medication and treatment provided effective relief for the Claimant. 20 C.F.R. § 404.1529(c)(3) (medication should be considered when evaluating pain); Gann v. Astrue, No. 1:09-cv-355, 2010 WL 3811942, at *13 (W.D.N.C. Sept. 1, 2010) (in considering the limiting effects of pain, the ALJ should consider the effectiveness of medication); R. at 14. There is consistent evidence in the record that medication and other treatments provided at least moderate relief for the Claimant's back pain. See Frazier v. Astrue, No. 7:07-cv-437, 2008 WL 2669452, at *6 (W.D.Va. July 3, 2008) (positive response to medication, along with other factors such as the claimant's "ability to perform a wide variety of daily activities provide substantial evidence to support the ALJ's conclusion" that the claimant's

reported limitations were "not entirely credible"). A 2006 medical report indicates that use of a TENS unit[2] and massage therapy have proven helpful for the Claimant. R. at 230. In July 2007 the Claimant reported to his doctor that medication "worked well while it was present." R. at 220. Medical records from the same time period also note "some response to epidural steroid injection." R. at 222 (for the quote), 227 (also noting effectiveness of steroid injections). In another record from October 2008 the Claimant reported that his prescriptions were helping his back pain. R. at 282. At one point in 2008 the Claimant sought refills on his medications, but refused to see the doctor. R. at 285. The ALJ also properly took note of significant gaps in treatment, one eight months in length and another a year in length. Gann, 2010 WL 3811942, at *13 (gaps in the claimant's treatment record, among other considerations such as activities of daily living, provided substantial support for the ALJ's adverse credibility determination); R. at 15. The sum of this Claimant's daily activities, gaps in treatment, responsiveness to medication, and doctor's recommendations that he walk and exercise provides substantial evidence to support the ALJ's conclusion that the Claimant can perform light work with some limitations.

## CONCLUSION

For the reasons explained above, the Court **OVERRULES** the Claimant's Objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the Commissioner's Motion for Summary Judgment, **AFFIRMS** the Commissioner's final decision, and **DISMISSES** this case from the docket.

---

[2] TENS is an acronym for transcutaneous electrical nerve stimulation. A TENS unit is an electrical device that connects to the skin through sticky pad electrodes. Those sticky pads deliver low-intensity electrical waves across the skin. Although it may sound painful, this actually engenders the release of pain-relieving hormones. Dr. Trisha Macnair, Transcutaneous Electrical Nerve Stimulation (TENS), BBC, http://www.bbc.co.uk/health/physical_health/conditions/tens1.shtml (last reviewed June 2009).

ENTERED this 18th day of May, 2011.

                                                         s/Jackson L. Kiser
                                                         Senior United States District Judge